**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 06-11426 (BLS) |
| | ) | |
| JEFF SCOTT NEITZELT, | ) | Chapter 7 |
| BARBARA LYNN NEITZELT, | ) | |
| | ) | |
| Debtors. | ) | **Related to Docket No. 57 & 64** |

**OPINION[1]**

Before the Court is the objection (the "Objection") [Docket No. 57] of the Chapter 7 trustee (the "Trustee") to an exemption claimed by Jeff and Barbara Neitzelt (collectively, the "Debtors") of equity in real property pursuant to DEL. CODE ANN. tit. 10, § 4914(b). The Trustee argues that that section of the statute only permits a debtor to exempt his or her interest in personal property, not real property. For the following reasons, the Court will overrule the Objection and permit the requested exemption.

**I.    BACKGROUND**

A.    General Background

On December 11, 2006, the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Code"). The Debtors listed two properties on Schedule A of their petition. The first property (the "Dover Property") has a stated value of $126,900 and is the Debtors' principal residence. The second property (the "Sunwood Property") has a stated value of $30,600.

---

[1] This Opinion constitutes the findings of facts and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052, which is made applicable to contested matters by Federal Rule of Bankruptcy Procedure 9014.

The Debtors have claimed as exempt from the bankruptcy estate (i) $50,000 of equity in the Dover Property under Del. Code Ann. tit. 10, § 4914(c), which provides for what is colloquially referred to as the homestead exemption, (ii) the full value of the Sunwood Property under subsection 4914(b), and (iii) their interest in various items of personal property also under subsection 4914(b). In total, the Debtors have claimed an exemption of $50,000 pursuant to the homestead exemption and exemptions totaling $46,471.73 pursuant to subsection 4914(b).

The Trustee has objected to the Debtors' use of subsection 4914(b) to exempt the value of the Sunwood Property, arguing that subsection 4914(b) allows a debtor to exempt only his or her interest in personal property from the estate. To support this assertion, the Trustee points to the use of the term "personal property" in Del. Code Ann. tit. 10, § 4914(d). The Debtors respond that the plain language of subsection 4914(b) does not limit a debtor's exemption under subsection 4914(b) to only personal property; instead, subsection 4914(b) allows a debtor to exempt equity in "property" from the estate.

The sole issue before the Court, therefore, is whether a debtor may use subsection 4914(b) to exempt equity in real property from the bankruptcy estate.

B.   Procedural Background

On January 3, 2008, the Trustee filed the Objection.  On

2

January 31, 2008, the Debtors filed a response [Docket No. 64] to the Trustee's Objection. The Court conducted oral argument on the matter on February 7, 2008. The Court then took the matter under advisement.

The matter has been fully briefed and argued. It is ripe for decision.

## II. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this matter constitutes a "core proceeding" under 28 U.S.C. §§ 157(b)(2)(B).

## III. DISCUSSION

"[T]he filing of a voluntary petition in bankruptcy court commences a bankruptcy proceeding and creates an estate." O'Dowd v. Trueger (In re O'Dowd), 233 F.3d 197, 202 (3d Cir. 2000) (citing 11 U.S.C. § 541(a)). "An estate in bankruptcy consists of all the interests in property, legal and equitable, possessed by the debtor at the time of filing, as well as those interests recovered or recoverable through transfer and lien avoidance provisions." Owen v. Owen, 500 U.S. 305, 308 (1991). An individual debtor, however, may exempt his or her interest in certain property from the bankruptcy estate as permitted by 11 U.S.C. § 522. Id.

Section 522(b) provides that a debtor may choose to take

either a set of exemptions provided for by state law or a set of uniform federal exemptions listed in § 522(d), "unless the State law that is applicable to the debtor . . . specifically does not so authorize." 11 U.S.C. § 522(b); Owen, 500 U.S. at 308. In other words, a state may "opt out" of the federal list of exemptions and force a debtor to take only those exemptions provided for under his or her state law. Owen, 500 U.S. at 308. Delaware has elected to "opt out" of the federal list and has provided its own set of exemptions. DEL. CODE ANN. tit. 10, § 4914(a) ("In accordance with § 522(b) . . . , in any bankruptcy proceeding, an individual debtor domiciled in Delaware is not authorized or entitled to elect the federal exemptions as set forth in § 522(d) . . . and may exempt only that property from the estate as set forth in subsection (b) of this section.").

To determine whether section 4914(b) permits the Debtor to exempt real property, the Court begins with the language of the statute itself. Duncan v. Walker, 533 U.S. 167, 172 (2001). "[W]here . . . the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241 (1989) (quoting Caminetti v. United States, 242 U.S. 470, 485 (1917)); see also Conn. Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992) ("[I]n interpreting a statute a court should always turn first to one, cardinal canon before all others. We have stated time and again

4

that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" (quoting <u>Rubin v. United States</u>, 449 U.S. 424, 430 (1981))). "[U]nless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." <u>Perrin v. United States</u>, 444 U.S. 37, 42 (1979). In addition, "[i]t is 'a cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'" <u>TRW Inc. v. Andrews</u>, 534 U.S. 19, 31 (2001) (quoting <u>Duncan</u>, 533 U.S. at 174)).

If "'the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters'" or if the language of the statute is unclear, courts may resort to legislative history and "the intention of the drafters." <u>Ron Pair</u>, 489 U.S. at 242-43 (quoting <u>Griffin v. Oceanic Contractors, Inc.</u>, 458 U.S. 564, 571 (1982)); <u>see</u> also United States v. E.I. DuPont de Nemours & Co. Inc.</u>, 432 F.3d 161, 169 (3d Cir. 2005) ("Where a statute's text is ambiguous, relevant legislative history, along with consideration of the statutory objectives, can be useful in illuminating its meaning." (citing <u>Gen. Dynamics Land Sys., Inc. v. Cline</u>, 540 U.S. 581, 600 (2004) (examining "the text, structure, purpose, and history" of the relevant statute))).

Title 10, section 4914 of the Delaware Code dictates what exemptions a debtor may elect to take in Delaware. DEL. CODE ANN. tit. 10, § 4914. It provides, in relevant part, as follows:

> (b) In any federal bankruptcy or state insolvency proceeding, and individual debtor domiciled in Delaware shall be authorized to exempt from the bankruptcy or insolvency estate, in addition to the exemptions made in this subsection and in § 4915 of this title, <u>property</u> having an aggregate fair market value of not more than <u>$25,000</u>.
>
> (c) In any federal bankruptcy or state insolvency proceeding, an individual debtor and/or such individual's spouse domiciled in Delaware shall be authorized to exempt from the bankruptcy or insolvency estate, in addition to the exemptions made in subsection (b) hereof and in § 4915 of this title, the following:
>
>> (1) Equity in <u>real property</u> or equity in a manufactured home (as defined in Chapter 70 of Title 25) which constitutes a debtors principal residence in an aggregate amount not to exceed <u>$50,000</u>, and
>>
>> (2) A vehicle and/or tools of the trade necessary for purposes of employment in an amount not to exceed $15,000 each.
>
> (d) This section shall apply separately with respect to each debtor in a joint case but not to exceed <u>$25,000</u> each in value in <u>personal property</u>, a total not to exceed $50,000 in value in a principal residence in an individual or a joint case, and $15,000 each in subsection (c) of this section vehicle and subsection (c) of this section tools of the trade.

DEL. CODE ANN. tit. 10, § 4914 (emphasis added). The Trustee argues that "property," as the term is used in section 4914(b), includes only personal property. The Debtors contend that there is no basis in the statute or otherwise to impose a restrictive construction of the term "property." The Court therefore begins its exercise in

6

statutory construction by analyzing the language of the foregoing provisions of section 4914.

The term "property," unless otherwise defined, typically includes both real and personal property. See generally BLACK'S LAW DICTIONARY (8th ed. 2004) (including both "personal property" and "real property" as subsets of "property"). The plain language of subsection 4914(b) is therefore unambiguous and allows a debtor to exempt both real and personal property from the bankruptcy estate. Furthermore, history and policy considerations can lend support to a court's interpretation of a statute's plain language even when that language is unambiguous. Lamie v. U.S. Trustee, 540 U.S. 526, 539 (2004) (stating that, although it was unnecessary to rely on legislative history, "history and policy considerations" lent support "to the holding we reach based on the plain language of the statute"). After a careful review of section 4914's application and evolution, the Court finds further support for the Debtors' interpretation of the statute.

"In 1981, the Delaware legislature exercised its right under 11 U.S.C. § 522(b)(1) to limit the amount of exemptions an individual debtor could claim from the bankruptcy estate." Matter of Jones, 76 B.R. 379, 380 (Bankr. D. Del. 1987). In doing so, it added section 4914 to the Delaware Code. Id. Section 4914, as originally enacted, provided in its entirety:

> (a) In accordance with Section 522(b) of the Bankruptcy Reform Act of 1978 (11 U.S.C. § 522(b)), in any

> bankruptcy proceeding, an individual debtor domiciled in Delaware is not authorized or entitled to elect the federal exemption as set forth in Section 522(d) of the Bankruptcy Reform Act of 1978 (11 U.S.C. § 522(b)) and may exempt only that property from the estate as set forth in subsection (b) of this Section.
>
> (b) In any federal bankruptcy or State insolvency proceeding, an individual debtor domiciled in Delaware shall be authorized to exempt from the bankruptcy or insolvency estate <u>property</u> having an aggregate fair market value of not more than $5,000.00.
>
> (c) This Section shall apply separately with respect to each debtor in a joint proceeding.

<u>Id.</u> (emphasis added). Thus, under the original version of subsection 4914(b), a debtor could exempt up to $5,000 of "property" from his or her estate. Pre-2005 case law applying section 4914(b) leaves no doubt that the term "property" included real property. See <u>Lingo v. Estate of Curico</u>, No. 99-3195 (PJW), 2001 WL 1819691, at *1 (Bankr. D. Del. Jan 29, 2001) (debtor used section 4914(b) to exempt real property from his estate).

The Delaware legislature has amended section 4914 twice since its enactment. The first amendment relates exclusively to the treatment of retirement plans and thus has no relevance to the issue presently before the Court.

In 2005, the legislature amended section 4914 a second time. Specifically, it raised the $5,000 cap in subsection 4914(b) to $25,000. 75 Del. Laws 131 (2005). It also replaced subsection 4914(c) and added subsection 4914(d), thereby putting into effect the subsections 4914(c) and 4914(d) that remain in effect today. 75

Del. Laws 131 (2005).  It is through this amendment that the term "personal property" first appears in section 4914.  The Trustee guides the Court to examine the use of the term "personal property" in subsection 4914(d), arguing that it constitutes evidence of the Delaware legislature's intent to limit the exemption provided for in subsection 4914(b).  The Court, however, respectfully disagrees and finds that the Delaware legislature's 2005 addition of the term "personal property" in subsection 4914(d) does not affect its construction or interpretation of the term "property" in subsection 4914(b).

As previously stated, subsection 4914(b) originally allowed a debtor to exempt his or her interest in any sort of property from the bankruptcy estate.  This included equity in real property.  If the Delaware legislature had intended for the exemption provided for in subsection 4914(b) to apply only to personal property, the legislature could have amended the subsection by adding the term "personal" in front of "property" so that it would apply only to "personal property."  The legislature has not done so despite amending section 4914 on two occasions.

In addition, subsection 4914(d) does not compel a different conclusion.  That section specifies how the exemptions provided for in section 4914 operate in the case of joint debtors.  By stating that section 4914 "shall apply separately with respect to each debtor in a joint case but not to exceed $25,000 each in value in

9

personal property, [and] a total not to exceed $50,000 in value in a principal residence in an individual or a joint case," the legislature expressly provided that joint debtors may stack the two exemptions to which they would otherwise be entitled under 4914(b), but may not stack the homestead exemption provided for in subsection 4914(c). The legislature's use of the term "personal property" in subsection 4914(d), however, does not contradict its use of the broader term "property" in subsection 4914(b). Clarifying that joint debtors are entitled to an exemption "not to exceed $25,000 each in personal property" does not equate to providing that debtors are not entitled to an exemption for equity in real property which does not constitute their primary residence.[2]

### IV. CONCLUSION

For the foregoing reasons, the Court concludes that section 4914(b) allows a debtor to exempt equity in real property from his or her estate, provided that such property is not his or her primary residence. In this case, therefore, the Court will allow the Debtors to exempt their equity in the Sunwood Property and will

---

[2] Notwithstanding the Court's ruling today, the statute does make clear that a debtor cannot "stack" the exemptions provided for in subsections 4914(b) and 4914(c) to exempt equity in his or her principal residence in an amount greater than $50,000, since subsection 4914(c) limits all homestead exemptions to $50,000 "in the aggregate." Consistent with this conclusion, section 4914(d) limits the homestead exemption to a "total not to exceed $50,000" in an individual or joint case.

overrule the Trustee's Objection.

An appropriate Order follows.

By the Court,

_____

Dated: May 16, 2008        Brendan Linehan Shannon
United States Bankruptcy Judge